No. 25336

**The People of the State of Colorado v. Ernie Ray Clark**
(515 P.2d 1242)

Decided November 12, 1973.    Rehearing denied December 3, 1973.

John P. Moore, Attorney General, John E. Bush, Deputy, E. Ronald Beeks, Assistant, for plaintiff-appellee.

Charles Ginsberg, Colin M. Clark, for defendant-appellant.

*En Banc.*

MR. JUSTICE ERICKSON delivered the opinion of the Court.

The defendant, by this appeal, seeks to vacate the sentences which were imposed after a jury found him guilty of rape (C.R.S. 1963, 40-2-25(1)(d)) and kidnapping (C.R.S. 1963, 40-2-44(2)) and to obtain a new trial. Prior to the

imposition of sentence, a comprehensive pre-sentence investigation report was prepared for the use of the trial judge, and the report was made available to defense counsel. The record also discloses that before the defendant was sentenced, he was granted the full right of allocution. Sentences were then imposed of not less than twenty-eight years nor more than thirty years for kidnapping and not less than ninety years nor more than life for rape. The trial judge also ordered that the sentences should run consecutively, thereby causing the minimum sentence to be one hundred eighteen years.

■ Although the jury convicted the defendant of violent crimes and the pre-sentence report included other crimes of violence, the trial judge improperly forced the defendant to elect whether he plead guilty to a lesser offence in exchange for a relatively short sentence or suffer a life sentence if he went to trial and lost. As a result, the sentences must be vacated and the defendant resentenced by a different judge.

■ The trial judge's participation in plea negotiations is set forth in affidavits which were filed by defense counsel and by the district attorney. At the time the district attorney and defense counsel appeared before the judge and the threats were made, no plea agreement had been reached. Under those circumstances, it was highly improper for the trial judge to enter into the plea negotiations.

■ The affidavits, which appear as part of the record, establish that the trial judge advised defense counsel, in the course of the plea negotiations, that the defendant would be given an extremely heavy sentence, or "put away forever," if he did not accept the district attorney's offer and went to trial and was found guilty. In entering into the plea bargaining process with the prosecutor and defense counsel, the trial judge used the power of his position in an attempt to force the defendant to plead guilty. His participation in plea bargaining is fundamentally unfair and brings to bear the full force and majesty of the court on a defendant.

■ Moreover, when the trial judge couples his intervention with threats of a longer sentence if the defendant goes to trial and is found guilty, he has attempted to use his office to

force the defendant to waive his right to a jury trial or be penalized for exercising a constitutionally guaranteed right. *Accord, United States v. Jackson,* 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138 (1968). In our view, participation by the trial judge in the plea bargaining process must be condemned. The *American Bar Association Standards for Criminal Justice Relating to Pleas of Guilty,* in Section 3.3(a), provides that: "The trial judge should not participate in plea discussions." *See also* Commentary to Section 3.3(a); *Brown v. Beto,* 377 F.2d 950 (5th Cir. 1967). In further recognition of the problem, the *American Bar Association Standards for Criminal Justice Relating to The Function of the Trial Judge* set forth the following:

"4.1 Role of the judge in plea discussions and plea agreements.

"(a) The trial judge should not be involved with plea discussions before the parties have reached an agreement other than to facilitate fulfillment of the obligation of the prosecutor and defense counsel to explore with each other the possibility of disposition without trial."

In this case, the trial judge's attempt to coerce an agreement did not bear fruit, and as a result, the trial judge can properly be accused of carrying out his threat. The comments of the trial judge require that the defendant be resentenced to ensure that the sentences imposed were not the product of the trial judge's promise to put the defendant away forever if the jury found him guilty.

Our review of the record causes us to conclude that the defendant's remaining allegations of error are without merit. The defendant was granted a fair trial and is not entitled to a new trial.

Accordingly, we affirm the defendant's convictions but vacate the sentences and remand with directions that the defendant be resentenced by a different judge.

MR. JUSTICE HODGES does not participate.