608 P.2d 778

**The STATE of Arizona, Appellee,**

v.

**James Alan ARNETT, Appellant.**

**No. 3684–2.**

Supreme Court of Arizona,
In Banc.

March 12, 1980.

John A. LaSota, Jr., Former Atty. Gen., Robert K. Corbin, Atty. Gen. by William J. Schafer, III and Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.

Bruno & Weisberg by William L. Carroll, Kingman, and Richard A. Garcia, Phoenix, for appellant.

CAMERON, Justice.

This is an appeal by James Alan Arnett from a resentence of death for the crime of first degree murder. A.R.S. § 13–454(E).[1]

Defendant raises six questions on appeal:

---

1. The Arizona Criminal Code citations contained in this opinion refer to the statutes as they existed prior to the extensive criminal code revision effective 1 October 1978.

1. Was the defendant resentenced illegally under A.R.S. § 13–454 in violation of the statute's severability of sentence clause?
2. Was the defendant resentenced in violation of the ex post facto clause of the United States Constitution?
3. Was the defendant resentenced in violation of the double jeopardy clause of the United States Constitution?
4. Was the defendant resentenced in violation of the cruel and unusual punishment clause of the United States Constitution?
5. May the defendant be resentenced to death where a felony murder instruction was given?
6. Did the resentencing judge abuse his discretion in imposing the death sentence when there were mitigating factors requiring the imposing of a sentence of life imprisonment?

The facts necessary for the determination of this matter on appeal are as follows. Defendant James Alan Arnett was convicted of murder in the first degree by a jury on 22 July 1976. An aggravation-mitigation hearing was held on 24 August 1976, and the court found that the defendant (1) had been previously convicted of an offense for which, under Arizona law, a sentence of life imprisonment or death was imposable and (2) had been previously convicted of a felony involving the use or threat of violence on another person thus establishing the aggravating circumstances set forth in A.R.S. § 13–454(E)(1) and (2). No mitigating circumstances were found and the defendant was sentenced to death. Defendant's conviction was affirmed by this court on 14 April 1978. See *State v. Arnett*, 119 Ariz. 38, 579 P.2d 542 (1978) for a statement of the facts of the crime. After our decision in *State v. Arnett*, supra, the United States Supreme Court, in two cases, *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978) and *Bell v. Ohio*, 438 U.S. 637, 98 S.Ct. 2977, 57 L.Ed.2d 1010 (1978), struck down, as unconstitutional, restrictions on the right of a defendant in a death penalty case to show mitigating circumstances. Following *Lockett and Bell*, supra, this court, in the case of *State v. Watson*, 120 Ariz. 441, 586 P.2d 1253 (1978), motion for rehearing denied 120 Ariz. 451, 586 P.2d 1263 (1978), cert. denied 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979), severed that portion of the sentencing procedure which was constitutionally infirm and directed that in the future courts in the State of Arizona must consider any mitigating factor presented by the defendant before the imposition of the death penalty. Defendant Arnett was resentenced to death on 17 November 1978 pursuant to *State v. Watson*, supra, and appeals.

## FIRST FOUR QUESTIONS

Defendant candidly admits in his brief that he raised questions one through four for reconsideration by this court and for appeal to a higher court.

As to questions one through four, we believe that our case of *State v. Watson*, supra, is dispositive of all four questions, and we see no compelling reason to reconsider them at this time.

## FELONY MURDER RULE

As to question number five, defendant contends that there is language in the United States Supreme Court cases of *Lockett v. Ohio*, supra, and *Bell v. Ohio*, supra, which indicates that the death penalty may not be imposed in a felony murder situation. In the instant case, a felony murder instruction was given. In *Lockett*, supra, Justice Blackmun, in his concurring opinion, stated:

"[I]n my view, the Ohio judgment in this case improperly provided the death sentence for a defendant who only aided and abetted a murder, without permitting any consideration by the sentencing authority of the extent of her involvement, or the degree of her mens rea, in the commission of the homicide. The Ohio capital statute, together with that State's aiding and abetting statute, and its statutory definition of 'purposefulness' as including reckless endangerment, allow for

a particularly harsh application of the death penalty to any defendant who has aided or abetted the commission of an armed robbery in the course of which a person is killed, even though accidentally." 438 U.S. at 613, 98 S.Ct. at 2969, 57 L.Ed.2d at 995.

Justice Marshall also criticized the application of the felony murder rule in Ohio stating:

" * * * it makes no distinction between a wilful and malicious murderer and an accomplice to an armed robbery in which a killing unintentionally occurs. See *State v. Lockett*, 49 Ohio St.2d 48, 67, 358 N.E.2d 1062, 1075 (1976)." 438 U.S. at 620, 98 S.Ct. at 2972, 57 L.Ed.2d at 999.

Both justices were concerned with the imposition of the death penalty upon a person who did not *actually* commit the murder or actually intend that such an event occur, but in which the death penalty was imposed based upon vicarious liability. This was not the case here where defendant shot his victim five times without the aid of an accomplice. Even if the language by the two justices were the holding of the United States Supreme Court, we do not feel that it would apply under the circumstances herein. We find no error. See *State v. Richmond*, 114 Ariz. 186, 560 P.2d 41 (1976), cert. denied 433 U.S. 915, 97 S.Ct. 2988, 53 L.Ed.2d 1101 (1977). See also *State v. Bishop*, 118 Ariz. 263, 576 P.2d 122, vacated on other grounds, 439 U.S. 810, 99 S.Ct. 69, 58 L.Ed.2d 103 (1978); *State v. Blazak*, 114 Ariz. 199, 560 P.2d 54 (1977); *State v. Jordan*, 114 Ariz. 452, 561 P.2d 1224, vacated on other grounds, 438 U.S. 911, 98 S.Ct. 3138, 57 L.Ed.2d 1157 (1976).

## ABUSE OF DISCRETION

The defendant contends that the lower court abused its discretion in resentencing the defendant to death when there were mitigating factors compelling life imprisonment as the appropriate sentence.

■ We first note that the sentence was based upon the hearing at the previous sentencing and that the defendant raised no objection to this procedure. Since the defendant did not raise the issue at trial, we need not consider here the procedure of relying on the previous hearing in mitigation and aggravation when the defendant is resentenced. We do not believe, however, that this is the better practice. When defendant is to be resentenced, and particularly when the death sentence is possible, it would seem that the evidence and testimony should be as fresh as possible. Relying on a hearing conducted months before the imposition of the death penalty is not recommended.

■ We have reviewed the hearing upon sentencing and it is apparent that the judge took under consideration every potential mitigating circumstance. At the sentencing the court stated:

"I held a mitigation hearing on November 15th, 1978. I have considered your memorandum in mitigation and I have specifically followed the opinion of the Arizona Supreme Court in *State v. Watson*, decided July 20th, 1978, to determine the existence of mitigating circumstances.

"I have considered the entire file and all matters which might weigh in your favor in mitigation. I incorporate all findings *and conclusions made at your sentencing* on September 10th, 1976 as they relate to aggravating circumstances, and I find that A.R.S. 13–454(E)(1) and (2) are present; that you have been convicted of another offense in the United States for which, under Arizona law, a sentence of life imprisonment was imposable, and that you have been previously convicted of a felony in the United States involving the use of violence on another person.

"I find that A.R.S. (E)(3), (4)(5) and (6) are not present or applicable in this case.

"As to mitigation, without limitation, as I have previously stated to you, I have reviewed all matters to determine if there are mitigating circumstances sufficiently substantial to call for leniency.

"I have specifically considered the following and I find the following:

Number 1, as to your age. While you are a young man, you are not immature

nor are you of the age where you should not be held responsible for your acts.

"Your family background, hardships and emotional problems. The fact you were homosexually assaulted as a child, these are also of significance.

"I note your lack of education has hindered you in your attempts to conform to society, and your emotional problems stand out in any analysis of why you are unable to adhere to any legal standards or other set code of responsibility other than your own.

"I believe that it's possible that these matters give reason, as you have suggested, to your sexually deviant behavior, your prior conviction for the crime of lewd and lascivious acts upon a child under the age of 14 years of age and your encounter with alcoholism; however, I cannot find, nor do I find that those factors are sufficiently substantial to call for leniency in this, a first degree murder case.

"I have also considered that you suffered a nervous breakdown, that you have been exposed to brutalities, drugs and threats while you were in prison in California. "I did not find, in this case, that this was a matter to be a heinous, depraved or cruel killing, and I note your testimony that you did feel remorse and that you refrained from killing a security guard at the time that you were arrested in California.

"All of these matters I have considered for and on your behalf in determining whether there are sufficient mitigating circumstances.

"I have further considered the fact that you were not rehabilitated during your prior incarceration, and that you attempted to seek help.

"I have considered your character and those things done by you in an attempt at self. rehabilitation.

"I have considered the psychiatrists' statements that you have serious emotional problems, and I have again considered those matters previously discussed at the first sentencing in this case as to mitigating factors. The matters that you raised as to duress, your capacity to appreciate the wrongfulness of your conduct would cause death.

"I have considered all of these factors and all of the factors and matters set forth in your memorandum that you submitted to me in mitigation.

"You have filed a motion to preclude application of the death penalty in this matter. The motion of the defendant to preclude application of the death penalty is denied.

"I do not find any mitigating circumstances sufficiently substantial to call for leniency."

It is apparent that the court considered all matters presented in mitigation and did not find them sufficiently substantial to call for leniency. Upon an independent review of the record, *Richmond*, supra, we agree with the sentence imposed.

Sentence affirmed.

STRUCKMEYER, C. J., HOLOHAN, V. C. J., and HAYS and GORDON, JJ., concurring.