137 Ariz. 503 (1983)
672 P.2d 169
STATE of Arizona, Appellee,
v.
Paul William JORDAN, Appellant.
No. 3156-3-PC.
Supreme Court of Arizona, En Banc.
October 18, 1983.
*504 Robert K. Corbin, Atty. Gen. by William J. Schafer III and Crane McClennen, Asst. Attys. Gen., Phoenix, for appellee.
Ross P. Lee, Maricopa County Public Defender by Michael G. Sullivan and John Foreman, Phoenix, for appellant.
HAYS, Justice.
This is the third time petitioner has presented his case to this court. State v. Jordan, 114 Ariz. 452, 561 P.2d 1224 (1976), vacated, 438 U.S. 911, 98 S.Ct. 3138, 57 L.Ed.2d 1157 (1978) (Jordan I); State v. Jordan, 126 Ariz. 283, 614 P.2d 825, cert. denied, 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251 (1980) (Jordan II). We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), and 17 A.R.S. Rules of Criminal Procedure, rule 32.
On January 20, 1983, this court set petitioner's execution for March 23, 1983. On February 16, 1983 petitioner filed a Rule 32 petition in Superior Court. The Superior Court denied the petition and a motion for rehearing. Petitioner petitioned for review and we stayed the execution on March 11, 1983. We have considered the Rule 32 petition, petitioner's brief,[1] and the state's responses thereto.
STANDARD USED IN VOLUNTARINESS HEARING
Petitioner argues that his "due process rights" were violated because the trial court, in ruling on petitioner's motion to suppress, failed to use the "constitutionally required higher degree of care," which petitioner calls a "due process standard." Petitioner cites Beck v. Alabama, 447 U.S. 625, *505 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980), to support his position.
We find petitioner's reliance on Beck ill-founded, and his "constitutionally required higher degree of care" nonexistent. The Supreme Court in Beck said:
To insure that the death penalty is indeed imposed on the basis of "reason rather than caprice or emotion," we have invalidated procedural rules that tended to diminish the reliability of the sentencing determination. The same reasoning must apply to rules that diminish the reliability of the guilt determination.
447 U.S. at 638, 100 S.Ct. at 2390 (footnote omitted). In State v. Finehout, 136 Ariz. 226, 229, 665 P.2d 570, 573 (1983), we said:
Confessions are prima facie involuntary and the burden is on the State to show a confession was freely and voluntarily made. (Citation omitted.) That burden is by a preponderance of evidence. (Citation omitted.) Courts must look to the totality of the circumstances surrounding the giving of the confession, presented to them at "voluntariness hearings," and decide whether the State has met its burden. (Citations omitted.) (Quoting State v. Knapp, 114 Ariz. 531, 538, 562 P.2d 704, 711 (1977), cert. denied, 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978)).
We think this procedure ensures that a defendant's rights will be safeguarded, and it tends to establish the reliability of the guilt determination. Petitioner's claim is without merit.
SPEEDY TRIAL
Petitioner was sentenced to death on March 13, 1975. After the judgment was affirmed on appeal, the case was remanded pursuant to this court's decision in State v. Watson, 120 Ariz. 441, 586 P.2d 1253, cert. denied, 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979), and petitioner was again sentenced to death on December 20, 1978. Petitioner argues that this delay violated his right to a speedy trial. As we said in State v. Blazak, 131 Ariz. 598, 600, 643 P.2d 694, 696, cert. denied, ___ U.S. ___, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982): "[n]either this court nor the United States Supreme Court has found that the right to a speedy trial extends to sentencing." We note that petitioner does not indicate what evidence was available in 1975 that was unavailable in 1978, nor does he indicate which witnesses were available in 1975 that were unavailable in 1978.
We do not think that the delay in resentencing resulted in prejudice to petitioner.
RIGHT TO JURY
Petitioner asserts that he has a right under both the sixth and eighth amendments to have a jury participate in sentencing. Petitioner argues that if the jury may not impose sentence in Arizona, he does have a right to have a jury find those facts that make a death sentence imposable (i.e., aggravating circumstances). We have rejected the assertion of a right to jury in sentencing. See State v. Smith, 136 Ariz. 273, 665 P.2d 995 (1983); State v. Gretzler, 135 Ariz. 42, 659 P.2d 1, cert. denied, ___ U.S. ___, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983).
INTENT TO KILL
Petitioner argues that his death sentence is invalid because the trial judge did not specifically find, in imposing sentence, that petitioner intended to kill. This issue is based on Enmund v. Florida, 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982).
We addressed this issue in State v. McDaniel, 136 Ariz. 199, 210, 665 P.2d 70, 81 (1983). We said:
In order to comply with Enmund, therefore, we believe that in future cases where the jury might have found the defendant guilty of first degree murder based on a felony-murder theory, the trial judge must determine beyond a reasonable doubt prior to imposing a sentence of death that the defendant killed, attempted to kill or intended to kill. This determination, of course, must be in addition to those procedures specified in A.R.S. § 13-703.
*506 Because McDaniel, supra, was decided several years after petitioner's resentencing, the trial judge obviously did not make the finding now required; however, in Jordan II we found that petitioner killed and intended to kill. See 126 Ariz. at 287-88, 614 P.2d at 830.
PRIOR CONVICTIONS
Petitioner argues that the sentencing judge should not have used petitioner's Texas felony convictions as aggravating circumstances because petitioner was appealing them and they were entered after the murder was committed but before the instant conviction. We considered and rejected both of these claims in Jordan II. See 126 Ariz. at 287, 614 P.2d at 829-30.
Petitioner claims that the aggravating circumstances were not found using the standard of beyond a reasonable doubt. In Jordan II we said that "the state must prove the existence of aggravating circumstances beyond a reasonable doubt." 126 Ariz. at 286, 614 P.2d at 828. At sentencing, the state rested on the evidence presented at trial. At trial petitioner stated that he had been convicted of felonies in Texas. The trial court found that petitioner had been convicted of robbery by assault and had been convicted of aggravated robbery three separate times. Petitioner has not attacked the existence of these convictions.
These convictions support the finding beyond a reasonable doubt that petitioner was convicted of an offense in the United States for which under Arizona law a sentence of life imprisonment was imposable, A.R.S. § 13-703(F)(1); see Jordan I, supra (we held that petitioner's convictions were subject to a possible life imprisonment) and that petitioner was previously convicted of a felony in the United States involving the use or threat of violence on another person, A.R.S. § 13-703(F)(2); see Jordan I, supra (we held that under Texas law these convictions did involve the use or threat of violence).
ADDITIONAL AGGRAVATING CIRCUMSTANCES
Petitioner states that his sentence is unlawful because, at resentencing, the trial judge found two aggravating circumstances that he did not find at the first sentencing (that the murder was heinous, cruel or depraved, and that the murder was committed for pecuniary gain). His first argument is based on Bullington v. Missouri, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981). He claims that any aggravating circumstance not proved by the state at the first sentencing is thereafter barred by the double jeopardy clause of the fifth amendment. His second argument is based on Stephens v. Zant, 631 F.2d 397 (5th Cir.1980). He claims that the existence of two unlawful aggravating circumstances makes it impossible to determine whether his sentence is based on constitutionally permissible factors.
We agree that the court should not have found that this murder was "especially heinous, cruel, or depraved." The facts of this case do not support such a finding. See Jordan II, supra, 126 Ariz. at 288, 614 P.2d at 830. We disagree with petitioner that the finding of pecuniary gain was unlawful. In State v. Gretzler, supra, 135 Ariz. at 49, 659 P.2d at 8, we said:
[T]he state was justified in its attempt to establish two additional aggravating factors on resentencing, as the law on both of these factors had been substantially clarified since the time of the original sentencing. In 1980 in State v. Clark, 126 Ariz. 428, 616 P.2d 888, cert. denied 449 U.S. 1067, 101 S.Ct. 796, 66 L.Ed.2d 612 (1980), this court interpreted the "pecuniary gain" circumstance of A.R.S. § 13-454(E)(5), expressly holding for the first time that this factor was not limited to the "hired gun" situation.
However, in Jordan II we refused to consider either additional aggravating circumstance. Based simply on consistency, we continue to do so in petitioner's case. For this reason, we need not consider petitioner's claim based on Stephens v. Zant, supra; however, we note that case was reversed. *507 Zant v. Stephens, ___ U.S. ___, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983).
MITIGATING EVIDENCE
Petitioner argues that the trial judge's finding that no mitigating circumstances exist is factually wrong and is a violation of his eighth and fourteenth amendment rights. The trial judge stated that he considered all proffered evidence and found none of it mitigating. This is all that is required by State v. Watson, supra; Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978); and Eddings v. Oklahoma, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1978). We carefully reviewed petitioner's evidence presented in mitigation in Jordan II, and we concurred with the trial judge's findings.
GUIDANCE IN BALANCING AGGRAVATING AND MITIGATING FACTORS
Petitioner asserts that our statute is unconstitutional because it provides no standards for weighing aggravating and mitigating circumstances. We have considered this issue at length in State v. Gretzler, supra, and rejected it. See 135 Ariz. at 53, 659 P.2d at 12; State v. Smith, 136 Ariz. 273, 665 P.2d 995 (1983); see also Zant v. Stephens, supra, ___ U.S. at ___ n. 13, 103 S.Ct. at 2742 n. 13, (stating that "specific standards for balancing aggravating against mitigating circumstances are not constitutionally required.").
PROPRIETY OF IMPOSING THE DEATH SENTENCE ON PETITIONER
Petitioner argues that his sentence is unconstitutional because the court must impose the death penalty if one or more aggravating circumstances are found and no mitigating circumstances are found. This, he claims, is an unconstitutional mandatory death statute.
In State v. Gretzler, supra, this court said:
Where one or more statutory aggravating circumstance is found, and no mitigation exists, the statute requires the death penalty.
135 Ariz. at 54, 659 P.2d at 13 (citations omitted), and
We feel that the statute, as interpreted by our case law, provides constitutionally adequate guidance to the trial judges in deciding whether to impose a capital sentence. As an additional safeguard, this court independently reviews the record of each capital case to determine the propriety of the sentence. (citation omitted) Where the death penalty has been erroneously imposed, we will set it aside in favor of a life sentence.
Id. at 55, 659 P.2d at 14.
We conclude that our statutory scheme passes constitutional muster.
RULE 32
Petitioner argues that it was improper for the Superior Court to refuse to grant petitioner an evidentiary hearing. He states that a hearing was required to resolve the following issues: 1) whether he was prejudiced by the passage of time before his resentencing; 2) whether the aggravating circumstances were found using the standard of beyond a reasonable doubt; 3) whether the trial judge erred in finding that no mitigating circumstances exist; and 4) whether the trial judge indicated that if petitioner would enter a guilty plea to the first degree murder charge, the trial judge would not impose the death penalty.
We have determined that petitioner's first three claims are not meritorious. (See, respectively, the sections entitled "SPEEDY TRIAL," "PRIOR CONVICTIONS," and "MITIGATING EVIDENCE.") Petitioner's last allegation is supported by his counsel's affidavit. The state has offered no evidence to refute this allegation. For purposes of this petition, therefore, we must accept this assertion as true. The question then becomes whether petitioner was entitled to a hearing to determine the validity of his claim.
In Arizona, the "court shall not participate" in plea negotiations. 17 A.R.S. Arizona *508 Rules of Criminal Procedure, rule 17.4(a). One reason for this rule is aptly stated in United States ex rel. Elksnis v. Gilligan, 256 F. Supp. 244, 254 (S.D.N.Y. 1966) in which the court said:
The unequal positions of the judge and the accused, one with the power to commit to prison and the other deeply concerned to avoid prison, at once raise a question of fundamental fairness. When a judge becomes a participant in plea bargaining he brings to bear the full force and majesty of his office. His awesome power to impose a substantially longer or even maximum sentence in excess of that proposed is present whether referred to or not. A defendant needs no reminder that if he rejects the proposal, stands upon his right to trial and is convicted, he faces a significantly longer sentence. One facing a prison term, whether of longer or shorter duration, is easily influenced to accept what appears the more preferable choice. Intentionally or otherwise, and no matter how well motivated the judge may be, the accused is subjected to a subtle but powerful influence.
Another sound reason for this rule is indicated by the Second Circuit Court of Appeals in United States v. Werker, 535 F.2d 198, 203 (2nd Cir.1976). The court said:
Rule 11 [prohibiting judicial participation in plea bargaining] implicitly recognizes that participation in the plea bargaining process depreciates the image of the trial judge that is necessary to public confidence in the impartial and objective administration of criminal justice. As a result of his participation, the judge is no longer a judicial officer or a neutral arbiter. Rather, he becomes or seems to become an advocate for the resolution he has suggested to the defendant.
Also, when a sentence is imposed after judicial participation in plea bargaining, it is unclear whether the sentence imposed was based on reason or based on the fulfillment of the previous threat. In People v. Clark, 183 Colo. 201, 515 P.2d 1242 (1973), the Colorado Supreme Court said "that the trial judge advised defense counsel, in the course of the plea negotiations, that the defendant would be given an extremely heavy sentence, or `put away forever,' if he did not accept the district attorney's offer and went to trial and was found guilty." Id. 515 P.2d at 1242. Defendant refused the offer and was convicted after a jury trial.
The court went on to say:
In this case, the trial judge's attempt to coerce an agreement did not bear fruit, and as a result, the trial judge can properly be accused of carrying out his threat. The comments of the trial judge require that the defendant be resentenced to ensure that the sentences imposed were not the product of the trial judge's promise to put the defendant away forever if the jury found him guilty.
Id. 515 P.2d at 1243.
The judge of the Superior Court committed error when he refused to hold an evidentiary hearing on this issue. See State v. Carriger, 132 Ariz. 301, 645 P.2d 816 (1982). A hearing should have taken place and a stay of execution granted.
It is ordered remanding to the Superior Court. Further ordered that within 60 days a hearing shall be had, the judge of the Superior Court shall make findings, and the findings shall be forwarded to this court with a transcript of the hearing.[2]
HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.
NOTES
[1] Petitioner mentioned several claims in a footnote. He did not elaborate on them and indicated that this court had previously considered them.
[2] Petitioner states that this court has not reviewed the proportionality of his sentence. The determination of that contention will abide the resolution of the above issue.