687 P.2d 1265

**STATE of Arizona, Appellee,**

v.

**Roger Lynn SMITH, Appellant.**

No. 5566–2.

Supreme Court of Arizona,
En Banc.

Sept. 13, 1984.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Gerald R. Grant, Asst. Attys. Gen., Phoenix, for appellee.

James Hamilton Kemper, Phoenix, for appellant.

HAYS, Justice.

Appellant, Roger Lynn Smith, was convicted of armed robbery and murder. *State v. Smith*, 136 Ariz. 273, 665 P.2d 995 (1983). On appeal we affirmed his convictions and his sentence for the armed robbery conviction. *Id.* We vacated his sentence of death and remanded for resentencing. *Id.* The trial court again imposed a sentence of death. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3).

Smith presents two claims to this court. He claims the trial court erroneously admitted into evidence the transcript of the first sentencing hearing. He also claims the trial court erroneously found that the murder was committed in an especially depraved manner.

In *State v. Arnett*, 125 Ariz. 201, 608 P.2d 778 (1980), we said that relying on the transcript of the first sentencing was not a good practice. In *State v. Bishop*, 127 Ariz. 531, 622 P.2d 478 (1980), the trial court relied on the transcript from the first sentencing and we said the court erred in so doing, but that in *Bishop* it was not reversible error.

In this case, we think the trial court committed error when it relied on the transcript of the previous hearing, but it was harmless error. *See Bishop, supra.* At the previous sentencing hearing in this case, only one witness testified for the state. She testified that she and her daughters were the victims of a kidnapping that Smith committed. Admitting the transcript into evidence in this case was harmless error because when Smith was on the stand at his resentencing he admitted he was convicted of kidnapping. He said, "And I go [sic] to prison for kidnapping which is true, ... taking anybody forcibly by law is kidnapping. So I kidnapped them [and] it was against their will ...." The

trial court properly found the existence of the aggravating circumstances provided for in A.R.S. § 13–703(F)(2) (conviction including use or threat of violence). *See also* Tenn.Code Ann. § 39–2–302 (definition of kidnapping in the jurisdiction of Smith's prior conviction).

In addition to the aggravating circumstance discussed above, the trial court found the murder was especially depraved, A.R.S. § 13–703(F)(6), and was committed in the expectation of the receipt of something of pecuniary value. Smith does not challenge the validity of the last aggravating circumstance but he does argue that the crime was not especially depraved.

Smith was with two others who indicated that they wanted to rob the store which Smith ultimately robbed. The two other men could not decide which of the two should commit the robbery, so Smith decided to do it. He loaded the sawed-off shotgun that was in the car and went into the store.

The clerk offered no resistance, but Smith pointed the weapon directly at the clerk and cocked the trigger. The clerk backed away, and Smith shot him once in the side of the head.

The trial judge did not find the killing to be cruel or heinous as used in A.R.S. § 13–703(F)(6), but found the murder was committed in an especially depraved manner. *Id.* We disagree with the trial judge's reasoning on this issue.

The trial court found the murder was committed in an especially depraved manner because it was senseless. *See State v. Gretzler*, 135 Ariz. 42, 659 P.2d 1 (1983). It was senseless because Smith could have robbed the victim and escaped without harming the victim. The facts of this killing are similar to *State v. Jordan*, 137 Ariz. 504, 672 P.2d 169 (1983), in which we found the murder not to be especially heinous, cruel, or depraved.

There are facts in the record that we think would support a finding of "especially depraved." A witness, Smith's cellmate, testified that Smith said he killed so the

**512**

victim could not testify against him. We think this tends to prove depravity. *See State v. McCall,* 139 Ariz. 147, 162, 677 P.2d 920, 935 (1983) (slitting of throat after "execution-style" murders is depraved because it was done to send a "message" to others). Ending the life of a human being so that that person cannot testify against the defendant indicates a complete lack of understanding of the value of a human life. Killings committed with this cold-blooded logic in mind are especially depraved. Also, a witness at the trial testified that Smith laughed and joked about the murder. This would tend to indicate an especially depraved state of mind. In our disposition of this matter, however, we will not consider these facts because the trial court, in its special verdict, ignored them. We can only conclude that the trial court did not find these facts to be true beyond a reasonable doubt.

Since we do not rely on the finding that the murder was committed in an especially depraved manner as an aggravating circumstance, we must now determine whether the sentence of death was properly imposed in this case. Smith claims the following as mitigating circumstances: 1) his age at the time of the crime (21 years); 2) he is the father of a small child; 3) he did not intend to kill; 4) he had taken drugs and used alcohol on the day of the crime; 5) he is remorseful of the crime; and 6) the gun accidentally discharged. We agree with the analysis and conclusion of the trial court. The trial judge found Smith's age was not mitigating because he thought Smith was mature for his age. The trial court found that Smith's being the father of a small child was not mitigating. The trial judge noted the birth was out of wedlock and there was no "family tie" of which he was aware. The trial court noted that Smith's claim of intoxication was without merit. Smith has a precise memory of the events of that day. Smith did express remorse while on the witness stand, but the trial court did not find it sufficiently substantial to call for leniency. The judge said, "I'd get a little remorseful too, after spending a few years in prison." The trial

court said Smith's claim of accidental discharge "is not a credible statement."

The trial court said the aggravating circumstances "were each sufficiently severe by themselves to overcome any and all mitigating circumstances." We find that the two aggravating circumstances outweigh the evidence presented in mitigation and, finding the penalty to be proportional, *see Jordan, supra,* we affirm the sentence.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.