691 P.2d 1099

**STATE of Arizona, Appellee,**

v.

**Jasper Newton McMURTREY, III, Appellant.**

**No. 5409–2.**

Supreme Court of Arizona, In Banc.

Dec. 11, 1984.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Jack Roberts, and David R. Cole, Asst. Attys. Gen., Phoenix, for appellee.

Polis & Sadacca by Bertram Polis, Daniel F. Davis, Tucson, for appellant.

CAMERON, Justice.

Defendant, Jasper Newton McMurtrey, III, appeals from re-sentences of death for two first degree murders, A.R.S. § 13–1105. We have jurisdiction pursuant to Art. 6, § 5(3) of the Arizona Constitution, and A.R.S. §§ 13–4031, –4033 and –4035.

We need answer only one question on appeal and that is whether the trial court committed reversible error in requiring the defendant to prove mitigating circumstances "beyond a reasonable doubt."

The facts of this case are set forth in *State v. McMurtrey*, 136 Ariz. 93, 664 P.2d 637, cert. denied, — U.S. —, 104 S.Ct. 180, 78 L.Ed.2d 161 (1983), where we affirmed the convictions for first degree murder as well as a conviction and sentence for attempted first degree murder but remanded for resentencing as to the first degree murder convictions.

In our prior review of this case, we affirmed the trial court's finding of an aggravating circumstance: that the defendant knowingly created a grave risk of death to persons in addition to the victim of the offense, A.R.S. § 13–703(F)(3). We remanded for resentencing, however, because the trial judge used language that made it unclear to us whether he had considered all possible mitigating circumstances. A.R.S. § 13–703(G); *State v. Watson*, 120 Ariz. 441, 586 P.2d 1253 (1978), cert. denied, 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979).

Upon remand and after a hearing in mitigation and aggravation, defendant was re-sentenced to death for each of the two first degree murders. He appealed raising several issues. Since we find error in but one issue, we consider only that question.

At the resentencing hearing, the defendant attempted to show as a mitigating circumstance his intoxication at the time of the offense. In considering this question, the trial court stated:

> in reviewing this case, you know, Mr. Polis was arguing to the Court that you were under the influence of intoxicants. That question was submitted to the jury and a proper instruction, and I listened to the jury's evidence in the case, and *I am not convinced beyond a reasonable doubt* that you were drunk or so intoxicated that you couldn't have been expected to be in control of your faculties on this evening.

■ The state concedes that the "reasonable doubt" standard used in this case was incorrect and we agree. In capital cases the state has the burden of proving the existence of aggravating circumstances beyond a reasonable doubt. *State v. Jeffers*, 135 Ariz. 404, 428, 661 P.2d 1105, 1129, cert. denied, — U.S.—, 104 S.Ct. 199, 78 L.Ed.2d 174 (1983). The burden is upon the defendant to show mitigating circumstances in capital cases, *State v. Lambright*, 138 Ariz. 63, 74, 673 P.2d 1, 12 (1983); *State v. Richmond*, 136 Ariz. 312, 316, 666 P.2d 57, 61 (1983). We have not, however, specifically defined defendant's burden of proof in establishing[1] these mitigating circumstances. We have only stated that the defendant has a burden of showing "some form of affirmative evidence." *State v. Greenawalt*, 128 Ariz. 150, 173, 624 P.2d 828, 851, cert. denied, 454 U.S. 882, 102 S.Ct. 364, 70 L.Ed.2d 191 (1981).

■ Admittedly, in *State v. Harding*, 137 Ariz. 278, 670 P.2d 383 (1983), we stated that in making our independent review of the imposition of the death penalty we will ground

our independent review of whether a defendant has established a mitigating circumstance on a preponderance of the evidence standard.

*Id.* at 292, 670 P.2d at 397. We believe that the same standard should be applied to the trial court as well as this court, and that the defendant need not prove mitigating circumstances beyond a reasonable doubt, but by the lesser burden of a preponderance of the evidence. Of course, once proven by a preponderance of the evidence, the question before the court is still whether the mitigating circumstances are "sufficiently substantial to call for leniency." *State v. Gretzler,* 135 Ariz. 42, 54, 659 P.2d 1, 13, cert. denied, 461 U.S. 971, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983). Because the trial judge imposed upon the defendant a more onerous burden of proof in determining the existence of mitigating circumstances, the matter will have to be remanded for resentencing.

The state contends, however, that defendant's claim of significant impairment due to intoxication was contradicted by testimony elicited from eyewitnesses. Defendant left the bar and was sober enough to transact a gun purchase. Upon reentering, defendant assumed a combat-like crouch and was able to accurately aim at his victims using both hands. He had no trouble in maintaining his balance and did not appear to be significantly intoxicated. When the gun was emptied of bullets, defendant calmly put it down, briskly walked out of the bar, and fled. These are facts that the trial court may consider in determining whether defendant has shown by a preponderance of the evidence that his intoxication, if any, was a mitigating circumstance. These facts do not make the trial court's error in requiring the defendant to prove mitigating circumstances beyond a reasonable doubt harmless or non-prejudicial.

The sentences are set aside and the matter is remanded to the trial court for resentencing pursuant to A.R.S. § 13–703, specifically subsection (D), and this opinion.

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.