Jimmie Wayne **JEFFERS**,
Petitioner–Appellant,

v.

Samuel A. **LEWIS**, Director, Arizona Department of Corrections, Donald Wawrzaszek, Superintendent, Arizona State Prison, Respondents–Appellees.

No. 86–1840.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 24, 1991.

Decided Aug. 31, 1992.

Donald S. Klein and Frank P. Leto, Deputy Public Defenders, Pima County Public Defender, Tucson, Ariz., for petitioner-appellant.

Paul J. McMurdie, Chief Counsel, Asst. Atty. Gen., Phoenix, Ariz., attorney for respondents-appellees.

Before: PREGERSON and CANBY, Circuit Judges, and WILSON, District Judge *

PREGERSON, Circuit Judge:

Jeffers was convicted of murder in Arizona state court and sentenced to death. After the Arizona Supreme Court affirmed the conviction and sentence, Jeffers petitioned the United States District Court for a writ of habeas corpus. The writ was denied, 627 F.Supp. 1334, and Jeffers appealed to this court. With regard to the issues raised by Jeffers's conviction, we affirmed the district court's decision to deny the writ. But we reversed the district court's decision to deny the writ with regard to the sentence of death. *Jeffers v. Ricketts,* 832 F.2d 476 (9th Cir.1987). The Supreme Court then reversed our ruling on the sentence, *Lewis v. Jeffers,* 497 U.S. 764, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990), and returned this case to us for resolution of the issues we did not consider earlier. Now, after considering these remaining issues regarding the constitutionality of the sentence of death, we again reverse the district court and remand for issuance of the writ.

## I

The Arizona capital sentencing statute requires the state trial court to preside over an evidentiary hearing on the existence of aggravating and mitigating factors. The trial court is required to make findings on the existence of any aggravating factors listed in the statute. If the trial court finds any aggravating factors, it must then make findings on the existence of mitigating factors. The final step requires the trial court to impose a sentence of death if it determines that there are no mitigating factors sufficiently substantial to call for leniency.

At the time Jeffers was sentenced in 1980, the statute listed five specific mitigating factors. Ariz.Rev.Stat. 13–703(G)(1)–(5). It also had been amended to include a general catch-all provision which made it clear, in accordance with the Supreme

Court's decision in *Lockett v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), that the list of mitigating factors was not exclusive. Thus, the amended statute provides that mitigating circumstances include "any factors proffered by the defendant or the state which are relevant in determining whether to impose a sentence less than death, including any aspect of the defendant's character, propensities or record and any of the circumstances of the offense...." Ariz.Rev.Stat. § 13–703(G). In this opinion, we use the label "nonstatutory" mitigating factors to refer to mitigating factors that are not specifically enumerated in subsections (G)(1)–(G)(5), but are nevertheless included in the broad catch-all provision required by *Lockett.*

The trial court sentenced Jeffers to death on the basis of two aggravating circumstances. First, the sentencing court found that, while committing the crime, Jeffers knowingly created a grave risk of death to another person in addition to the victim. Ariz.Rev.Stat. § 13–703(F)(3). Second, the trial court found that Jeffers committed the crime in a manner that was "especially heinous, cruel and depraved." Ariz.Rev. Stat. § 13–703(F)(6).

The Arizona Supreme Court held that the "grave risk of death" aggravating circumstance did not apply to the facts of the case. *State v. Jeffers,* 135 Ariz. 404, 661 P.2d 1105, 1129–30, *cert. denied,* 464 U.S. 865, 104 S.Ct. 199, 78 L.Ed.2d 174 (1983). The Arizona Supreme Court also held that the murder was not especially cruel but affirmed the finding that it was especially heinous and depraved. 661 P.2d at 1130–31. The Arizona Supreme Court thus reversed the finding of one aggravating circumstance and modified the finding on the second. Nevertheless, instead of remanding the case to the trial court for resentencing, the Arizona Supreme Court affirmed Jeffers's sentence of death.

In part II, we explain that the Arizona courts failed to consider adequately certain mitigating evidence advanced by Jeffers.

---

* The Honorable Stephen V. Wilson, United States District Judge for the Central District of California, sitting by designation.

In part III, we discuss the consequences of the Arizona Supreme Court's ruling that the sentencing court relied on an invalid aggravating factor. We conclude that the Arizona Supreme Court upheld the sentence of death without carefully reweighing the mitigating evidence in light of the one remaining aggravating factor. The sentence of death therefore cannot stand.

## II

Jeffers argues that the sentencing court in this case failed to consider adequately certain mitigating evidence. In mitigation, Jeffers introduced evidence of heroin addiction, of heroin use and alcohol intoxication at the time of the murder. He presented the history of his stormy love-hate relationship with the victim, including evidence that she had provoked him by informing on him to the police. In addition, Jeffers introduced evidence that he continued to deny involvement in the murder when he spoke with a psychiatrist while under the influence of sodium amytal.

We conclude that the sentencing court failed to consider adequately Jeffers's evidence in mitigation. We further conclude that the sentencing court's error was not cured by the Arizona Supreme Court's review of Jeffers's sentence. Under our decision in *Smith v. McCormick*, 914 F.2d 1153 (9th Cir.1990), the sentence of death cannot stand.

### A

In considering the evidence that Jeffers was a heroin addict and was under the influence of heroin and alcohol at the time of the murder, the sentencing court inquired whether the evidence satisfied the first specific mitigating circumstance described in the statute. *See* Ariz.Rev.Stat. § 13–703(G)(1). Subsection (G)(1) provides that there is a mitigating circumstance if

"[t]he defendant's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of law was significantly impaired, but not so impaired as to constitute a defense to prosecution." *Id.* Applying the standard of that statutory mitigating circumstance, the sentencing court declined to find that Jeffers was "significantly impaired" in his ability to conform to the law or to understand that his actions were wrong. The Arizona Supreme Court affirmed the sentencing court's conclusion that the statutory mitigating circumstance of significant impairment was not proved. *State v. Jeffers*, 135 Ariz. 404, 661 P.2d 1105, 1132 (1983).

The sentencing court, however, did not consider the evidence of addiction and intoxication as a *non*statutory mitigating circumstance. Such consideration is mandated under the holding of *Smith v. McCormick*, 914 F.2d 1153 (9th Cir.1990). In *Smith*, the Montana courts erred by rejecting mitigating evidence of mental impairment simply because it did not rise to a level substantial enough to satisfy the wording of Montana's statutory mitigating circumstance. "Because the evidence of mental impairment did not rise to the statutory level of 'extreme' or 'substantial,' the evidence was 'rejected' as a mitigating circumstance, rather than considered, as a mitigating circumstance of lesser weight, along with other factors." *Smith*, 914 F.2d at 1167.

The sentencing court in Jeffers's case erred in the same manner as the Montana courts did in *Smith*. Once the sentencing court concluded that Jeffers's narcotics addiction and alcohol intoxication did not meet the statutory standard of "significant impairment," it ended its inquiry. Jeffers's mitigating evidence of drug and alcohol intoxication received no further consideration.[1] If the sentencing court had conduct-

---

1. We recognize that the Arizona Supreme Court has said that when intoxication does not reach the level of significant impairment, "[t]he fact that a defendant was to some degree intoxicated is not, by itself, a mitigating circumstance." *State v. Woratzeck*, 134 Ariz. 452, 657 P.2d 865, 871 (1982); *accord State v. Lopez*, 163 Ariz. 108,

786 P.2d 959, 965 (1990). The state, however, cannot escape the constitutionally-based requirement of *Smith v. McCormick* merely by declaring that certain nonstatutory mitigating evidence is not mitigating. *See Lockett v. Ohio*, 438 U.S. 586, 604, 98 S.Ct. 2954, 2964–65, 57 L.Ed.2d 973 (1978) ("the Eighth and Fourteenth

ed the proper inquiry, it would have gone on to consider whether this evidence of drug and alcohol use was nevertheless sufficient to establish a nonstatutory mitigating circumstance, possibly in combination with other nonstatutory mitigating evidence.[2]

■ The second mitigating factor specified in the statute applies if "[t]he defendant was under unusual and substantial duress, although not such as to constitute a defense to prosecution." Ariz.Rev.Stat. § 13–703(G)(2). It was under this factor that the sentencing court analyzed Jeffers's evidence of his emotional love-hate relationship with the victim and the evidence that she provoked Jeffers by informing on him to law enforcement authorities. The sentencing court determined that this evidence did not satisfy the statutory mitigating circumstance of "unusual and substantial duress," and the state supreme court affirmed. 661 P.2d at 1132. Under *Smith v. McCormick*, however, the sentencer is required to go on to consider whether the evidence is sufficient to establish a nonstatutory mitigating circumstance. In doing so, the sentencer must consider the evidence in combination with other relevant nonstatutory mitigating evidence, such as Jeffers's intoxication and heroin addiction. The special verdict of the sentencing court does not suggest that it considered this mitigating evidence any further, either separately or in combination, after determining that it failed to qualify as a statutory mitigating factor.

■ As a third element in mitigation, Jeffers presented evidence that he continued to deny involvement in the murder when he spoke with a psychiatrist under the influence of sodium amytal. The fact that Jeffers denied his guilt under such circumstances provides additional evidentiary support for the proposition that Jeffers committed the crime while suffering from some degree of mental impairment. *See Godfrey v. Kemp*, 836 F.3d 1557, 1559 (11th Cir.1988). The sentencing court did not discuss the sodium amytal evidence at all.

In *Eddings v. Oklahoma*, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982), Justice O'Connor noted the importance of "remov[ing] any legitimate basis for finding ambiguity concerning the factors actually considered by the trial court." *Id*. at 119, 102 S.Ct. at 879 (O'Connor, J., concurring). As we noted in *Smith*, "[t]he sentencing court must therefore explicitly discuss in its written findings all relevant mitigating circumstances, 'including those it finds insufficient to warrant leniency.' " *Smith*, 914 F.2d at 1166, quoting *Coleman v. Risley*, 839 F.2d 434, 502 (9th Cir.1988) (Reinhardt, J., dissenting), *rev'd sub nom. Coleman v. McCormick*, 874 F.2d 1280 (9th Cir.1989) (en banc), *cert. denied*, 493 U.S. 944, 110 S.Ct. 349, 107 L.Ed.2d 337 (1989).

Because the sentencing court failed to discuss the evidence of duress, provocation, intoxication, and heroin addiction as nonstatutory mitigating circumstances, and failed to discuss the sodium amytal evidence at all, the record does not permit this court to conclude that the evidence was considered adequately. "We are not permitted to presume that because evidence was admitted before the factfinder, it was necessarily given consideration." *Smith*, 914 F.2d at 1166. Because there is a risk that mitigating evidence in this case was not fully considered, Jeffers's sentence of death cannot stand. *Smith*, 914 F.2d at 1167–69.

### B

At oral argument, the Arizona Attorney General[3] acknowledged that this case is "on all fours" with *Smith v. McCormick*.

---

Amendments require that the sentencer ... not be precluded from considering, *as a mitigating factor*, ... any of the circumstances of the offense that the defendant proffers as a basis for a sentence less than death.") (emphasis added).

**2.** For example, Jeffers's intoxication may have magnified the impact on him of his stormy love-hate relationship with the victim that culminated in her decision to inform on Jeffers to the police.

**3.** Represented at oral argument by his Chief Counsel, Criminal Appeals Division.

Nevertheless, he offered two reasons why the sentence of death should stand despite the trial court's failure to comply with *Smith*. First, he contended that the Arizona Supreme Court's affirmance of the sentence cured any errors made by the sentencing court. Second, he contended that the Supreme Court's decision in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), precludes this court from relying on *Smith v. McCormick* in a collateral review of Jeffers's sentence.

### 1

■ The Arizona Supreme Court affirmed Jeffers's sentence of death after performing what it called an "independent review" of the record. The Arizona Attorney General argued that any errors committed by the trial court were corrected by the Arizona Supreme Court's independent scrutiny. We disagree.

The Arizona Supreme Court's description of its review in Jeffers's case demonstrates that it confined itself to reviewing the trial court's findings on aggravating and mitigating circumstances and then performing its own balancing of those findings:

> In death penalty cases this court independently *reviews the facts that the trial court found established the presence or absence of aggravating and mitigating circumstances,* and we determine for ourselves if the latter outweigh the former when we find both to be present.

*State v. Jeffers*, 135 Ariz. 404, 661 P.2d 1105, 1129 (1983) (emphasis added). As this quotation demonstrates, the court announced that its discussion was restricted to the facts upon which the trial court relied in handing down its special verdict. It did not purport to consider whether evidence that the trial court rejected as insufficient to constitute a statutory mitigating factor could nevertheless be considered mitigating as a nonstatutory mitigating factor, under a less demanding standard than those prescribed for the five specific

mitigating circumstances enumerated in the statute.

Our reading of the Arizona Supreme Court's opinion reveals that, indeed, the court did no more than review the sentencing court's findings and affirm its judgment that the evidence failed to meet the standards of two statutory mitigating circumstances. Once the Arizona Supreme Court agreed, for example, that Jeffers's heroin and alcohol use did not amount to a "significant impairment" of his ability to conform his conduct to the law, the inquiry appears to have ended. Like the trial court, the Arizona Supreme Court did not go on, as *Smith* requires, to consider whether the evidence might nevertheless be mitigating, especially in combination with other potentially mitigating evidence that fell short of the standard of a statutory mitigating circumstance. Thus, neither of the Arizona courts discussed the evidence of duress, provocation, intoxication, and heroin addiction as nonstatutory mitigating circumstances. Nor did the Arizona Supreme Court independently evaluate the sodium amytal evidence as a mitigating factor.

### 2

■ The Arizona Attorney General also argued that the Supreme Court's decision in *Teague v. Lane*, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), precludes us from relying on *Smith* in this case. Under the doctrine of *Teague v. Lane*, a federal court cannot apply a "new rule of law" on collateral review of a state criminal case. A rule of law is not considered new, however, if it was dictated by precedent existing at the time the defendant's conviction, or in this case the defendant's sentence, became final. *Id.* at 301, 109 S.Ct. at 1070. Because *Smith* was dictated by prior precedent, we do not believe that *Teague* precludes us from relying on it in this case.[4]

■ In *Lockett v. Ohio*, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), the Court announced the principle that defendants in

---

**4.** Even if it were true that the petitioner in *Smith* obtained the benefit of a new rule of law, we are bound to apply it in Jeffers's case. *See*

*Beam v. Paskett,* 966 F.2d 1563, 1570 n. 5 (9th Cir.1992).

capital sentencing proceedings cannot be precluded from offering any relevant mitigating evidence relating to their background, character, or individual record. *Smith* is dictated by the precedent set in *Lockett*. The court in *Smith* quoted from the decision in *Eddings v. Oklahoma*, 455 U.S. 104, 102 S.Ct. 869, 71 L.Ed.2d 1 (1982), another decision that was dictated by the precedent of *Lockett*. The decision in *Smith* merely applied the teachings of *Lockett* and *Eddings* to a particular type of case which, the Arizona Attorney General conceded, fits the facts of Jeffers's case. Thus, *Smith* determined that after a sentencer concludes that certain mitigating evidence is not substantial enough to fit the standard of a specific mitigating factor, it must nevertheless be considered, in combination with other mitigating evidence as a mitigating factor of lesser magnitude. That rule of law was not new at the time Jeffers was sentenced. *See Stringer v. Black,* — U.S. —, — – —, 112 S.Ct. 1130, 1136–40, 117 L.Ed.2d 367 (1992) (*Maynard v. Cartwright,* 486 U.S. 356, 108 S.Ct. 1853, 100 L.Ed.2d 372 (1988), and *Clemons v. Mississippi,* 494 U.S. 738, 110 S.Ct. 1441, 108 L.Ed.2d 725 (1990), do not constitute new rules under *Teague*, in light of precedent in existence at the time defendant's death sentence was pronounced.)

### III

■ Even if the sentencing court had considered adequately the nonstatutory mitigating evidence, the sentence of death in this particular case could not stand. We conclude that once the Arizona Supreme Court invalidated one aggravating circumstance and modified another, it was required either to vacate Jeffers's sentence of death and remand for resentencing or affirm the sentence of death only after conducting certain further analysis itself. In *Clemons v. Mississippi*, the Supreme Court explained two analytical methods by which a state appellate court in such a situation might be able to affirm a sentence of death. First, it might engage in some form of harmless error analysis. *Clemons*, 494 U.S. at 752–53, 110 S.Ct. at 1450–51. Second, it might carefully reweigh the mitigating evidence against the remaining valid aggravating factors and conclude that the balance still required a sentence of death. *Clemons*, 494 U.S. at 748–49, 110 S.Ct. at 1448–49. Because we cannot conclude that the Arizona Supreme Court conducted either of these analyses, however, the sentence of death cannot stand. Further proceedings in the Arizona courts are required.

### A

■ The Supreme Court has noted that aggravating circumstances differ from state to state in the role they play in the statutory procedures controlling the capital sentencing decision. *See Clemons*, 494 U.S. at 744–45, 110 S.Ct. at 1446–47. A "weighing" state is one in which the ultimate sentencing decision turns on weighing the statutory aggravating factors against the mitigating evidence. When a state appellate court in a "weighing" state determines that a sentence of death is based in part on an invalid aggravating factor, the sentence of death cannot be affirmed automatically. There must be further proceedings or analysis. *See Clemons*, 494 U.S. at 751–52, 110 S.Ct. at 1449–50.[5]

As the Arizona Attorney General acknowledged at oral argument in this case, Arizona is such a "weighing" state. The Arizona statute calls for the sentencing judge to make findings on the existence of aggravating circumstances and the existence or nonexistence of mitigating factors. If there are any aggravating circumstances, the final step in the sentencing process calls for the judge to perform a balancing test and impose a sentence of death only if there are "no mitigating circumstances sufficiently substantial to call for leniency." Ariz.Rev.Stat. § 13–703(E).

---

**5.** "An automatic rule of affirmance in a weighing State would be invalid under *Lockett v. Ohio* and *Eddings v. Oklahoma*, for it would not give defendants the individualized treatment that would result from actual reweighing of the mix of mitigating factors and aggravating circumstances." *Clemons*, 494 U.S. at 752, 110 S.Ct. at 1450 (citations omitted).

Numerous cases of the Arizona Supreme Court explain that the sentencer determines whether mitigating evidence is "sufficiently substantial" by weighing it against aggravating circumstances:

> [T]he trial court acts first as the fact finder. It must consider whether the state has proven any of the aggravating factors.... It must also determine whether the defendant has shown mitigating circumstances.... After the trial court has made these findings of fact, it then engages in a balancing test in which it determines whether the mitigating factors are sufficiently substantial to call for leniency.

*State v. Leslie*, 147 Ariz. 38, 708 P.2d 719, 730 (1985). The meaning of the phrase "sufficiently substantial to call for leniency" is derived by weighing aggravating and mitigating evidence.[6] Thus, although the Arizona statute does not use the word *weigh*, it instructs the sentencer to arrive at its decision by weighing the aggravating circumstances against the mitigating circumstances.[7]

## B

Even in a weighing state, invalidation of one of several aggravating factors may make no difference if there were no mitigating circumstances to enter into the original balancing. This is not a case, however, in which there was nothing in mitigation to balance against the aggravating factors.

As we pointed out in Part II, there was evidence of nonstatutory mitigating factors. Because there was *some* mitigating evidence, even if it originally was not sufficiently substantial to call for leniency in view of the weight of the aggravating factors, then the removal of an invalid aggravating factor can change the balance. *See Parker v. Dugger*, — U.S. —, —, 111 S.Ct. 731, 740, 112 L.Ed.2d 812 (1991). Someone must reweigh.[8]

---

6. *See also State v. Rossi*, 146 Ariz. 359, 706 P.2d 371, 379 (1985) ("Once the trial judge finds that defendant's capacity was significantly impaired ... a mitigating factor arises which is then weighed against any aggravating circumstances that the trial judge may find to determine whether mitigating factors are sufficiently substantial to call for leniency"); *State v. Harding*, 137 Ariz. 278, 670 P.2d 383, 397 (1983) ("We have described the formula of 'sufficiently substantial to call for leniency' as involving the weighing of aggravating against mitigating circumstances on the basis of the gravity of each circumstance."), *cert. denied*, 465 U.S. 1013, 104 S.Ct. 1017, 79 L.Ed.2d 246 (1984); *State v. Gretzler*, 135 Ariz. 42, 659 P.2d 1, 13 (determining whether mitigating circumstances are sufficiently substantial involves weighing and balancing of aggravating and mitigating circumstances that are present), *cert. denied*, 461 U.S. 971, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983).

7. We recognize that this court has previously expressed the view that Arizona is not a "weighing state." *See Richmond v. Lewis*, 948 F.2d 1473 (9th Cir.1991) (as amended), *cert. granted*, — U.S. —, 112 S.Ct. 1557, 118 L.Ed.2d 206 (1992). In this particular case, there are two reasons why we are not bound by the interpretation of Arizona law stated in *Richmond*. First, the Arizona Attorney General acknowledged that Arizona is in fact a "weighing" state. Second, even after the decision in *Richmond*, the Arizona Supreme Court reaffirmed that an Arizona capital sentencer determines whether mitigating circumstances are substantial enough to call for leniency by weighing them against the aggravating factors. *See State v. Lavers*, 168

Ariz. 376, 814 P.2d 333, 348 (1991); *State v. White*, 168 Ariz. 500, 815 P.2d 869, 881 (1991). In matters of Arizona law, the Arizona Supreme Court is the controlling authority, and any decision of that court takes precedence over any earlier federal court's contrary view of Arizona law.

8. Our ruling does not, as the dissent suggests, interfere with a state's option to reject unpersuasive evidence. The defendant in this case clearly satisfied the Arizona statutory requirement of proving facts in mitigation by a preponderance of the evidence. For example, the sentencing court found that the defendant "was an addict and was both drinking and using narcotics on the date of the offense." Similarly, the court found that the defendant "may have had reason to be provoked and was under some stress." The Constitution requires that the sentencer be permitted to give some effect to these adequately-proved mitigating facts, even if they do not establish impairment or duress severe enough to satisfy a statutory mitigating circumstance. Moreover, the opinion of the Arizona Supreme Court acknowledged the presence of mitigating evidence in the balance struck by the sentencing court. In discussing Jeffers's contentions regarding the sodium amytal evidence, the Arizona Supreme Court stated that the trial judge "found no mitigating factors sufficiently substantial to call for leniency." 661 P.2d at 1132. Thus, instead of stating that the trial court found "no" mitigating factors, the Arizona Supreme Court recognized that there was evidence of mitigation that the trial court did not find

### C

After closely reading the opinion of the Arizona Supreme Court, we cannot conclude that it actually undertook the process, described in *Clemons*, of carefully reweighing the one remaining valid aggravating factor against the mitigating evidence.

The court's only reference to weighing process is conclusory:

> We have carefully reviewed the record as required to determine whether the factors in mitigation outweigh the aggravating circumstances, and we find they do not.

661 P.2d at 1132–33 (citation omitted). The only other suggestion of an independent weighing is the found in the closing sentence of the opinion:

> In our independent determination we found one aggravating factor—that the offense was committed in an especially heinous and depraved manner—and no mitigating factors sufficiently substantial to call for leniency.

661 P.2d at 1133.

These two conclusory sentences do not suggest that the Arizona Supreme Court conducted, or believed it was conducting, the "careful appellate reweighing," 494 U.S. at 748, 110 S.Ct. at 1448, discussed in *Clemons*. The *Clemons* opinion strongly suggests that acceptable appellate reweighing would require more discussion of the mitigating evidence than can be found in the decision of the Arizona Supreme Court:

> [B]ecause the Mississippi Supreme Court's opinion is virtually silent with respect to the particulars of the allegedly mitigating evidence presented by Clemons to the jury, we cannot be sure that the court fully heeded our cases emphasizing the importance of the sentencer's consideration of a defendant's mitigating evidence.

494 U.S. at 752, 110 S.Ct. at 1450. Similarly, the Arizona Supreme Court did not discuss any of the mitigating evidence in the context of an appellate reweighing.[9]

Appellate reweighing, according to the *Clemons* opinion, cannot deprive defendants of "the individualized treatment that would result from actual reweighing of the mix of mitigating factors and aggravating circumstances." *Clemons*, 494 U.S. at 752, 110 S.Ct. at 1450. By stating that the aggravating circumstances outweighed the mitigating circumstances, the Arizona Supreme Court appeared to acknowledge that there were some mitigating circumstances. Yet without any specific discussion of those mitigating circumstances in the only two sentences of the opinion that arguably report that a weighing occurred at the appellate level, we cannot determine that the Arizona Supreme Court conducted an *"actual reweighing* of the mix of mitigating factors and aggravating circumstances." *Clemons*, 494 U.S. at 752, 110 S.Ct. at 1450 (emphasis added).

We therefore conclude that when the Arizona Supreme Court invalidated one of the aggravating factors upon which the trial court based the sentence of death, Jeffers's sentence could not stand without a new sentencing hearing or, at a minimum, a reweighing of the mitigating evidence

---

sufficiently substantial to call for leniency in view of the aggravating factors. *Cf. Parker v. Dugger,* —— U.S. ——, ——, 111 S.Ct. 731, 738, 112 L.Ed.2d 812 (1991) (discussing significance of a court's finding of "no mitigating circumstances that outweigh the aggravating circumstances"). Finally, even in a case where the sentencing court fails to find the existence of mitigating factors, reliance on an invalid aggravating factor nevertheless requires the state supreme court to either undertake an express harmless error analysis, reweigh, or remand for resentencing. *Sochor v. Florida,* —— U.S. ——, ——, 112 S.Ct. 2114, 2122, 119 L.Ed.2d 326 (1992).

9. In another section of the opinion, the Arizona Supreme Court did review the evidence of Jeffers's intoxication, heroin addiction, and his love-hate relationship with the victim. But in that section, the Arizona Supreme Court merely affirmed the trial court's finding that the evidence did not satisfy the standard of two statutory mitigating factors. The opinion did not discuss the relevance of that evidence to establish nonstatutory mitigating circumstances. Thus, although the court discussed the evidence in one section of its opinion, we cannot conclude that the Arizona Supreme Court regarded it as mitigating evidence when it conducted what it described as an independent weighing of aggravating and mitigating circumstances.

against the remaining aggravating factor. Because the record does not show that the Arizona Supreme Court conducted a constitutionally adequate reweighing, the sentence of death cannot stand.[10]

### D

A state appellate court that finds an invalid aggravating factor may, in certain cases, affirm the sentence of death after determining that the error was harmless. *Clemons,* 494 U.S. at 752, 110 S.Ct. at 1450. In this case, there is simply no indication that the Arizona Supreme Court affirmed the sentence on the basis of harmless error analysis. Indeed, the words "harmless error" do not appear in the Arizona Supreme Court's discussion of Jeffers's sentence. *Cf. Sochor,* —— U.S. at ——, 112 S.Ct. at 2122 (describing ambiguities in Florida Supreme Court's discussion of Sochor's sentence which prevented conclusion that the state supreme court had conducted a harmless error analysis).

Once the Arizona Supreme Court concluded that the sentence of death was based in part on an invalid aggravating factor, it could affirm that sentence only by conducting a harmless error analysis or by reweighing the remaining aggravating factor against the mitigating evidence. The opinion of the Arizona Supreme Court does not clearly demonstrate that either analysis was undertaken. Therefore, the sentence of death cannot stand. *Clemons,* 494 U.S. at 751–54, 110 S.Ct. at 1499–51.[11]

### IV

The transcripts of the testimony of Jeffers's sentencing hearing are now more than eleven years old. Our cases suggest that before Arizona resentences Jeffers, he should have the benefit of a new sentencing hearing. *See Creech v. Arave,* 947 F.2d 873, 882 (9th Cir.1991) (as amended), *cert. granted,* —— U.S. ——, 112 S.Ct. 2963, 119 L.Ed.2d 585 (1992); *Beam v. Paskett,* 966 F.2d at 1574. The Arizona Supreme Court has also suggested that such a resentencing decision should be based on the freshest testimony possible: "When a defendant is to be resentenced in death cases, evidence and testimony should be as fresh as possible, and ... relying on a previous hearing on mitigation and aggravation conducted months before the imposition of the death penalty is not recommended." *State v. Rossi,* 146 Ariz. 359, 706 P.2d 371, 381 n. 2 (1985). We realize, however, that the Constitution does not always require a new sentencing hearing, *see Parker v. Dugger,* —— U.S. ——, ——, 111 S.Ct. 731, 740, 112 L.Ed.2d 812 (1991), and it is up to the State of Arizona to determine how it wishes to proceed.

The Supreme Court has noted that in some cases, a state appellate court can conduct its own review of the record and conduct a careful appellate reweighing of the aggravating and mitigating circumstances. If this case were returned to the Arizona Supreme Court in the first instance, however, more than an appellate reweighing would be necessary. As we noted in part II, neither the special verdict

---

**10.** The propositions of law that we derive from *Clemons* were dictated by the ruling in *Lockett v. Ohio,* 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978), which had been already decided when Jeffers was sentenced in 1980. *See Clemons,* 494 U.S. at 751–52, 110 S.Ct. at 1449–50. The law the Supreme Court applied in *Parker,* a habeas case, also derives from *Lockett.* By applying principles that were dictated by precedent existing at the time of Jeffers's sentence, our decision conforms to the principles laid out in *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). *See Stringer v. Black,* —— U.S. at ——, 112 S.Ct. at 1140.

**11.** The dissent argues that we must deem the sentencing court's reliance on an invalid aggravating factor to be harmless error because it

also found that there were no mitigating factors. We disagree. First, as we noted in part II, there was mitigating evidence to consider upon reweighing. Second, the Supreme Court's decision in *Sochor v. Florida,* —— U.S. ——, 112 S.Ct. 2114, also requires us to reject the dissent's argument. In *Sochor,* the sentencer in a weighing state relied on an invalid aggravating factor. The state supreme court affirmed the sentence of death without reweighing and without conducting an express harmless error analysis. *Sochor,* at ——, 112 S.Ct. at ——. Despite the fact that the sentencer had expressly found that there were no mitigating factors, the Supreme Court vacated and remanded, as required by *Clemons,* for resentencing, reweighing, or harmless error analysis. *Id.*

of the trial court nor the opinion of the state supreme court reveals that certain mitigating evidence was considered adequately. For example, no Arizona court has yet considered whether alcohol and heroin intoxication impaired Jeffers enough to constitute a nonstatutory mitigating factor even though it did not impair him enough to meet the standard of the statutory mitigating factor of Ariz.Rev.Stat. § 13–703(G)(1). There has been no finding on the degree of Jeffers's mental impairment at the time of the crime, a finding that an appellate court would not ordinarily make on the basis of a cold record. As the Supreme Court noted in *Clemons*, "appellate courts may face certain difficulties in determining sentencing questions in the first instance." 494 U.S. at 754, 110 S.Ct. at 1451. In the ordinary case, the Supreme Court envisions that the evaluation of mitigating evidence "would occur among sentencers who were present to hear the evidence and arguments and see the witnesses." *See Caldwell v. Mississippi*, 472 U.S. 320, 331, 105 S.Ct. 2633, 2640, 86 L.Ed.2d 231 (1985).

We also note that the Arizona Supreme Court's option to review the record and reweigh on its own, without remanding, can be constrained by its prior decisions to remand for resentencing in similar cases. *See Clemons v. Mississippi*, 494 U.S. at 754–55 n. 5, 110 S.Ct. at 1451 n. 5. In *State v. Lopez*, 163 Ariz. 108, 786 P.2d 959 (1990), the trial court sentenced the defendant to death after finding two aggravating factors and purporting to find no mitigating factors. After concluding that one of the two aggravating factors was invalid, the Arizona Supreme Court remanded to the trial court for resentencing. *Id.*, 786 P.2d at 967. The Arizona Supreme Court recently followed *Lopez* in a similar case. *See State v. Schaaf*, 169 Ariz. 323, 819 P.2d 909 (1991). After finding that one of two aggravating factors was invalid, the court held that it was required to remand for resentencing instead of conducting an appellate reweighing. *Id.* 819 P.2d at 920–21.

If the Arizona Supreme Court determined in Jeffers's case that reweighing was preferable to remanding, we assume that it would provide an explanation sufficient to overcome any objections that declining to remand was unconstitutionally arbitrary. *See Clemons*, 494 U.S. at 754–55 n. 5, 110 S.Ct. at 1451 n. 5; *Myers v. Ylst*, 897 F.2d 417, 421 (9th Cir.), *cert. denied*, — U.S. —, 111 S.Ct. 212, 112 L.Ed.2d 172 (1990); *Johnson v. Arizona*, 462 F.2d 1352, 1354 (9th Cir.1972).[12]

REVERSED and REMANDED.

WILSON, District Judge, dissenting:

I believe the majority has gone beyond the proper role of a federal court hearing a challenge to the constitutionality of a death sentence under the laws of Arizona, by casting a searching and suspicious eye on not only the judge who sentenced petitioner to death, but also the Arizona Supreme Court which independently concluded death was an appropriate penalty. Because I believe a fair review of the record shows the courts of Arizona understood and applied the Arizona death penalty statute in conformity with the United States Constitution by considering all mitigating evidence offered by petitioner, I cannot join in the majority opinion.

The Eighth and Fourteenth Amendments to the Constitution require the sentencing court to consider all relevant mitigating evidence proffered by a defendant in a death penalty case. *Lockett v. Ohio*, 438 U.S. 586, 604, 98 S.Ct. 2954, 2964, 57 L.Ed.2d 973 (1978) (plurality); *Eddings v. Oklahoma*, 455 U.S. 104, 110, 102 S.Ct. 869, 874, 71 L.Ed.2d 1 (1982). The Arizona death penalty statute satisfies the Constitution in this regard by directing the sentencing judge to consider as mitigating circumstances, in addition to five specifically-enumerated factors, "any factors proffered by the defendant which are relevant in determining whether to impose a sentence less than death, including any aspect of the defendant's character, propensities or record and any circumstance of the offense." Ariz.Rev.Stat. § 13–703(G). The

12. In light of our disposition, we have no need to reach the other claims made by Jeffers.

Arizona Supreme Court has fully embraced the statutory and constitutional requirement to consider all mitigating evidence. *State v. Watson*, 120 Ariz. 441, 586 P.2d 1253, 1256–57 (1978), *cert. denied*, 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979). The Arizona death penalty statute, however, requires the defendant to prove such mitigating factors by a preponderance of the evidence. Ariz.Rev.Stat. § 13–703(C) (1989); *State v. McMurtrey*, 143 Ariz. 71, 691 P.2d 1099 (1984). The United States Supreme Court just last term upheld the Arizona death penalty statute's allocation of the burden of proof against constitutional challenge, even though a sentencing judge in Arizona may, as a result of the burden of proof, disregard evidence offered in mitigation which does not rise to a certain level of persuasiveness. *Walton v. Arizona*, 497 U.S. 639, ——, 110 S.Ct. 3047, 3055, 111 L.Ed.2d 511 (1990).

The record shows petitioner presented evidence in support of three distinct mitigating circumstances: (1) he was under the influence of heroin at the time of the murder; (2) he killed in the heat of passion; and (3) he truthfully denied committing the murder. *State v. Jeffers*, 135 Ariz. 404, 661 P.2d 1105, 1132 (1983). The record further shows the trial judge considered all of the evidence presented by petitioner at his trial and in post-trial proceedings as to these three factors. *Id.* 661 P.2d at 1132; Transcript of sentencing hearing, July 10,

1980, page 216. The court expressly addressed petitioner's drug usage. *Id.* The court specifically discussed the claim of provocation. *Id.* The judge also adverted to the "lack of evidence" claim, raised in a post-trial evidentiary hearing June 20, 1980, by referring to all evidence presented at post-trial proceedings. *Id.* The trial judge then made clear that his consideration of the mitigating evidence was not restricted to the mitigating circumstances specified by statute: "The Court's search for mitigating circumstances has not been limited to either of these statutes [Ariz. Rev.Stat. § 13–454 and Ariz.Rev.Stat. § 13–703] but pursuant to *State v. Watson* and *Lockwood v. Ohio* [sic], the Court has considered any possible mitigating circumstances." *Id.* Having reviewed the entire record, the court concluded petitioner had failed to meet his burden of proving by a preponderance of the evidence any mitigating circumstance: "The Court finds that there are no mitigating circumstances." *Id.*[1]

On direct review, the Arizona Supreme Court upheld the sentence of death. The court independently considered the mitigating evidence offered by petitioner. The Court reviewed the evidence of drug intoxication offered by petitioner and agreed with the trial court that there was no credible evidence of any significant impairment. *State v. Jeffers*, 661 P.2d at 1132. The

---

1. The majority claims the sentencing court failed to consider the evidence concerning plaintiff's denial of guilt while under the effects of sodium amytal. *Ante* at 1079. A fair reading of the record, however, shows the court was aware of and considered this evidence. See *supra* at 1077. But even if the sentencing judge failed to consider the sodium amytal evidence (which petitioner presented just two weeks before the sentencing hearing), the court's oversight did not violate the constitution. A defendant has no constitutional right to appeal to the sentencer's "residual doubt" about the correctness of the jury's verdict. *See Franklin v. Lynaugh*, 487 U.S. 164, 172–74, 108 S.Ct. 2320, 2326–28, 101 L.Ed.2d 155 (1988) (plurality opinion); at 187–88, 108 S.Ct. at 2334–35 (concurring opinion) (1988). And contrary to the majority's claim, *Godfrey v. Kemp*, 836 F.2d 1557, 1559 (11th Cir.1988) does not make petitioner's sodium amytal evidence relevant mitigating evidence. In *Godfrey*, the Eleventh Circuit ad-

dressed a very different question, namely, whether an error in a jury instruction on intent (where the court instructed the jury to presume defendant had the intent) was harmless, where defendant presented evidence at trial that he could not recall the events surrounding the murder of his wife and mother-in-law, even after being administered sodium amytal. The Eleventh Circuit noted that this evidence was relevant to the issue of intent and concluded the instructional error was not harmless. I fail to see how *Godfrey* helps petitioner, who denied his guilt and asked the sentencing court to consider the sodium amytal evidence in direct contradiction of the jury's verdict. Petitioner's evidence doesn't show a lack of intent but a lack of remorse. Moreover, because petitioner did not present this argument in the Arizona courts, either at the time of sentencing or on direct appeal, we should not consider it on collateral attack.

Court likewise found no evidence in the record to support petitioner's claim that he had killed in the heat of passion. *Id.* The only mitigating factor offered by petitioner which the Arizona Supreme Court did not explicitly reject as unsupported by credible evidence was his claim that he had maintained his innocence while under the effects of sodium amytal. The Arizona Supreme Court characterized the trial court's rejection of this evidence as follows: "The record shows the trial court considered all the evidence presented at trial and at the post-trial hearings and found no mitigating factors sufficiently substantial to call for leniency." 661 P.2d at 1132.

Because the sentencing court clearly accepted petitioner's claims as legally relevant to the issue of mitigation, and just as clearly rejected those claims due to the lack of credible evidence in support of them, I cannot agree with the majority's conclusion that the trial court failed to adequately consider the mitigating evidence in violation of the Constitution.

The majority believes that the Arizona sentencing judge may have failed to consider the mitigating evidence offered by petitioner under the catch-all category of mitigating circumstances, even if the court correctly determined the evidence did not establish a "significant impairment" under § 13–703(G)(1) or "substantial or unusual duress" under § 13–703(G)(2). The majority believes the sentence of death cannot stand based on this court's prior decision in *Smith v. McCormick*, 914 F.2d 1153 (1990). I disagree.

The defendant in *Smith* presented evidence of LSD intoxication to establish "extreme mental or emotional disturbance" under Mont.Code Ann. § 46–18–304(2) and to show that his "capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law was substantially impaired" under Mont.Code Ann. § 46–18–304(4). 914 F.2d at 1164. The defendant also presented the testimony and letters of numerous character witnesses. *Id.* at 1165. The Montana sentencing court failed to consider all of the mitigating evidence offered by petitioner, stating that

the character evidence was "peripheral and extraneous ... and *must not be brought to bear* upon the Court's determination of a just and necessary punishment." *Id.* (emphasis added in reported decision of this Court).

The Montana trial court's failure to consider all mitigating evidence in clear violation of *Lockett v. Ohio*, as well as its mechanical approach of weighing each mitigating factor separately, *Smith v. McCormick*, 914 F.2d at 1164, arguably called into question the reliability of the trial court's treatment of the mitigating evidence under §§ 46–18–304(1) and (4). A divided panel of this court concluded resentencing was constitutionally required in *Smith* because on the record presented there, the Montana sentencing judge may have failed to consider the independent mitigating effect of the proffered evidence of LSD intoxication, even if it did not rise to the level of an "*extreme* mental or emotional disturbance" under the statutory mitigating circumstance § 46–18–304(1) or a "substantial" impairment under § 46–18–304(4). *Id.* at 1165.

This court's prior decision in *Smith* does not compel resentencing of petitioner. To begin with, the two Arizona statutory mitigating circumstances in question here do not require a death-eligible defendant to prove an "extreme" mental condition or impairment. The standard in Arizona is a "significant" impairment (under § 13–703(G)(1)) and "substantial" duress (under § 13–703(G)(2)). Once a sentencing court in Arizona determines that evidence of intoxication does not show the defendant's capacity to appreciate the wrongfulness of his actions was significantly impaired, I believe there is no meaningful residual category of mitigating evidence left for the court to consider. Intoxication which does not lead to a significant impairment simply does not call into question the defendant's responsibility for his actions or otherwise further a claim for leniency—*i.e.*, it is not relevant mitigating evidence. The Arizona Supreme Court has recognized as much, holding that intoxication at the time of the murder, without a showing of significant impairment, is not a mitigating circum-

stance. *State v. Lopez,* 163 Ariz. 108, 786 P.2d 959, 965 (1990); *State v. Rossi,* 146 Ariz. 359, 706 P.2d 371, 379 (1985); *State v. Woratzeck,* 134 Ariz. 452, 657 P.2d 865, 871 (1982); *State v. Jordan,* 126 Ariz. 283, 614 P.2d 825, 832, *cert. denied,* 449 U.S. 986, 101 S.Ct. 408, 66 L.Ed.2d 251 (1980).

The Arizona Supreme Court's determination that evidence of intoxication, without some meaningful level of impairment, is not relevant evidence in mitigation, reflects a considered judgment about the role of drugs and alcohol in capital crimes. The fact that many if not most death-eligible defendants consumed drugs or alcohol prior to committing first degree murder does not alone help to explain why those individuals should be shown mercy. The voluntary act of taking drugs or alcohol has no tendency to mitigate against the penalty of death unless it can also be said that the person's behavior was in some significant manner influenced by that act. I believe the Arizona courts may classify such evidence as irrelevant to the issue of mitigation without violating the Constitution. *See Harris v. Pulley,* 885 F.2d 1354, 1383 (9th Cir.1988) (courts in California need not consider as a mitigating circumstance evidence that a death-eligible defendant suffers from an anti-social personality disorder since that disorder commonly afflicts those who kill).[2]

The majority believes that the Arizona Supreme Court's interpretation of its mitigating circumstance Ariz.Rev.Stat.Ann. § 13–703(G)(1) violates *Lockett* and *Eddings, ante* at p. 1078 n. 1, but I fail to see where the Constitution requires sentencing courts to give effect to "insignificant" impairments or "insubstantial" duress. Both *Lockett* and *Eddings* speak to *"what* mitigating evidence a sentencer must consider

[not] to *how* it must consider the evidence." *Saffle v. Parks,* 494 U.S. 484, 490, 110 S.Ct. 1257, 1261, 108 L.Ed.2d 415 (1990). Plainly, "evidence of mitigation must rise to some level of persuasiveness before it can be said to constitute a mitigating circumstance." *Eddings v. Oklahoma,* 455 U.S. at 126, 102 S.Ct. at 882 (Burger, C.J., dissenting). As the Supreme Court held last term in *Walton v. Arizona,* Arizona courts may reject relevant evidence offered in mitigation—even as to the existence of an extreme impairment or duress—if it does not rise to a certain level of persuasiveness. 497 U.S. at ——, 110 S.Ct. at 3055. In short, State courts are free to determine the weight to be given to the proffered evidence. *Eddings v. Oklahoma,* 455 U.S. at 114, 102 S.Ct. at 877; *see Boyde v. California,* 494 U.S. 370, 377, 110 S.Ct. 1190, 119, 108 L.Ed.2d 316 (1990) ("States are free to structure and shape consideration of mitigating evidence 'in an effort to achieve a more rational and equitable administration of the death penalty' "). The constitutional prohibition is only against the wholesale exclusion of mitigating evidence. *Eddings v. Oklahoma,* 455 U.S. at 114, 102 S.Ct. at 877.

In light of *Eddings, Boyde,* and *Walton,* I do not see how the Constitution is offended if the courts in Arizona fail to consider under the catch-all provision evidence tendered in mitigation which fails to show the defendant was significantly impaired under § 13–703(G)(1) at the time he killed, based on his voluntary intoxication, or took the life of another person as the result of substantial duress within the meaning of § 13–703(G)(2), since evidence below these statutory thresholds has little or no probative value.

2. The Arizona Supreme Court reached a different conclusion in *State v. McMurtrey,* 136 Ariz. 93, 664 P.2d 637 (1983), where the defendant presented psychiatric testimony that he suffers from depression and an anti-social personality. In *McMurtrey,* the court held that the sentencer must consider the mitigating effect, if any, of this evidence even if it did not meet the statutory definition of an "impairment." *Id.* 664 P.2d at 645–46. The Arizona Supreme Court's treatment of mitigating evidence in *McMurtrey*

shows the high court of Arizona understands the reach of *Lockett* and *Eddings* as well as this court, and simply does not believe there is any meaningful category of mitigating evidence left over after a sentencing court determines the evidence of intoxication fails to show a significant impairment. I do not think the constitution requires or permits this court to substitute its judgment for the judgment of the Arizona Supreme Court in this respect.

I am aware that in *Smith v. McCormick,* this court found fault with the Montana courts' treatment of mitigating evidence which did not establish the statutory mitigating circumstance of a *"substantial"* impairment, as well as an "extreme" mental condition. 914 F.2d at 1167. The court in *Smith* stated that evidence which fell below either standard could nonetheless have some mitigating force particularly in combination with other evidence. *Id.* I believe *Smith* must be understood in context as a particular expression of dismay and distrust at the Montana sentencing court which altogether rejected certain mitigating evidence in clear violation of *Lockett,* and which failed to consider the collective weight of the mitigating evidence. *Id.* at 1165–1168. I do not believe *Smith* compels re-sentencing where, as here, the record shows the sentencing court considered the proffered evidence in mitigation and found the evidence wanting as a matter of fact, particularly since there is no evidence in the record to suggest the sentencing court failed to understand its Constitutional duty to consider all of the evidence offered in mitigation or failed to consider the collective weight of the mitigating evidence. *Cf. Smith v. McCormick,* 914 F.2d at 1165. In such a case, I believe federal habeas corpus review is limited to whether a rational factfinder could have found no mitigating circumstances to be present. *Parker v. Dugger,* — U.S. —, —, 111 S.Ct. 731, 740, 112 L.Ed.2d 812 (1991) (citing *Lewis v. Jeffers,* 497 U.S. 764, 110 S.Ct. 3092, 111 L.Ed.2d 606 (1990)). Under this properly deferential standard, the Arizona sentencing court's finding that petitioner had not proved any mitigating circumstance by a preponderance of the evidence easily withstands constitutional scrutiny.

But even if I were to agree with the Arizona Attorney General that *Smith* "is on all fours" with the present matter,[3] I believe the rule of *Smith* represents a "new rule" under *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), at least when applied to this case, and thus may not serve as the basis for relief in this habeas corpus proceeding. The majority states the rule in *Smith* was "dictated" by *Lockett* and *Eddings,* but both of those cases spoke to *what* mitigating evidence must be considered not to *how* that evidence must be considered. *Saffle v. Parks,* 494 U.S. at 490, 110 S.Ct. at 1261. I believe *Smith,* to the extent it imposes a constitutional duty to consider the independent mitigating value of all evidence which falls below *any* statutory threshold—even if the threshold does not logically allow for a residual category of relevant mitigating evidence and even if the record shows the sentencing court otherwise fully considered the mitigating evidence under the statutory category—constitutes a new rule. This rule, to say the least, would be "susceptible to debate among reasonable minds." *Butler v. McKellar,* 494 U.S. 407, 415, 110 S.Ct. 1212, 1214, 108 L.Ed.2d 347 (1990).[4]

I also believe the Arizona court's careful consideration of the mitigating evidence compels the conclusion that any error was harmless beyond a reasonable doubt. On the record before this court, I am convinced that the Arizona trial court and Arizona Supreme Court would have separately and independently concluded death was an appropriate penalty for petitioner even if those courts were under a constitutional duty to consider the evidence of intoxication and duress under the catch-all provision for mitigating circumstances. *See Demps v. Dugger,* 874 F.2d 1385, 1390

---

**3.** The majority places great weight on the fact that the Arizona Attorney General stated in oral argument that this case was "on all fours" with *Smith. Ante* at pp. 1079 and 1081. The Attorney General's remarks, however, cannot substitute for a careful analysis of the record.

**4.** If I am correct that *Smith* represents a new rule, at least when applied to the facts of this case, petitioner may not rely upon it since the

new rule does not satisfy either of the two recognized exceptions under *Teague* (*i.e.,* the new rule neither "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe" nor represents a "watershed rule of criminal procedure . . . without which the likelihood of an accurate conviction is seriously diminished." *Teague v. Lane,* 489 U.S. at 311–13, 109 S.Ct. at 1075–77).

(11th Cir.1989). The Arizona trial court understood its duty to consider all mitigating evidence offered by petitioner and simply was not moved toward leniency by that evidence. The record in this case, thus, stands in sharp contrast to the record in *Smith*, where the sentencing court failed to consider all mitigating evidence offered by petitioner, *Smith v. McCormick*, 914 F.2d at 1165; and the other cases where sentencing courts erred in evaluating the mitigating evidence. *See, e.g., Eddings v. Oklahoma*, 455 U.S. at 109, 102 S.Ct. at 873 (sentencing court refused to consider defendant's history as an abused child); *Hitchcock v. Dugger*, 481 U.S. 393, 398, 107 S.Ct. 1821, 1824, 95 L.Ed.2d 347 (1987) (trial court repeatedly instructed jury to consider only statutory mitigating circumstances, and record showed the trial court itself refused to consider proffered evidence of nonstatutory mitigating circumstances); *Songer v. Wainwright*, 769 F.2d 1488, 1489 (11th Cir.1985) (en banc) (sentencing judge stated that he did not consider nonstatutory mitigating evidence).

The majority also believes petitioner's sentence of death cannot stand even if the sentencing court properly considered the mitigating evidence. The majority concludes that the Arizona Supreme Court failed to re-weigh the aggravating and mitigating circumstances after invalidating one aggravating circumstance and modifying another. *Ante* at p. 1081.

I do not understand the majority's conclusion in this regard. If the sentencing court found no mitigating circumstances to be present, then there was nothing for the Arizona Supreme Court to reweigh. *Walton v. Arizona*, 497 U.S. at —— n. 28, 110 S.Ct. at 3084 n. 28 (Blackmun J., dissenting). On the other hand, if the sentencing court concluded mitigating circumstances were present but were outweighed by the aggravating circumstances, as the majority's reads the record, the Arizona Supreme Court clearly discharged its statutory and constitutional duty to reweigh the mitigating evidence after invalidating one aggravating circumstance and modifying another. The Arizona Supreme Court acknowledged that it was obligated to undertake an independent review, including an independent reweighing of the aggravating and mitigating circumstances. 661 P.2d at 1129, 1132–33. The state supreme court stated it was reweighing consistent with its legal duty. *Id.* State courts are presumed to follow the law. *Walton v. Arizona*, 497 U.S. at ——, 110 S.Ct. at 3057; *Parker v. Dugger*, —— U.S. at ——, 111 S.Ct. at 736. Nothing in the record overcomes this presumption.[5]

This case has traveled through the trial and appellate courts of Arizona and the federal system for thirteen years. Today's holding adds a new rule for the courts of Arizona to follow, without justification in the Constitution and ultimately to no avail. The courts of Arizona, which carefully evaluated petitioner's mitigating evidence, will now inform this court of what everyone else knows: In the judgment of the Arizona courts, the mitigating evidence offered by petitioner thirteen years ago, whether considered as statutory mitigating circumstances or under the catchall provision, simply did not call for leniency then and does not call for leniency now.

I respectfully dissent.

**5.** The majority recognizes that the Arizona Supreme Court reviewed petitioner's mitigating evidence, *ante* at 1083 n. 9, but does not accept the Arizona Supreme Court at its word when the court says it independently weighed this evidence. Rather than presume the Arizona Supreme Court followed its well-settled statutory and constitutional duty, the majority reaches a contrary conclusion based on the state supreme court's cursory description of the weighing process—as if the five justices on the state supreme court could address the mitigating evidence in one section of the opinion and then fail to consider the evidence during the weighing process. In so doing, the majority ascribes to the state courts an unnatural, mechanical approach to their consideration of the mitigating evidence, and imposes on those courts a duty to better articulate their analysis—without constitutional justification.